**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3279-15T2
                A-3431-15T2

MARK HYMAN,

    Plaintiff-Appellant,

v.

YELENA MELNICHENKO,
VITALY MELNICHENKO,
NATALIA KOLYADA,
and JAMES BRENNENSTUHL,

    Defendants,

and

BOROUGH OF LONGPORT,

    Defendant-Respondent.

_____

MARK HYMAN,

    Plaintiff-Respondent,

v.

YELENA MELNICHENKO,
VITALY MELNICHENKO,
NATALIA KOLYADA,
and JAMES BRENNENSTUHL,

    Defendants,

and

BOROUGH OF LONGPORT,

    Defendant-Appellant.

---

Submitted June 7, 2017 — Decided July 5, 2017

Before Judges Carroll and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-1603-14.

My Rights Lawyers, LLC, attorneys for appellant in A-3279-15 and respondent in A-3431-15 (Michelle J. Douglass, on the briefs).

Barker, Gelfand & James, attorneys for respondent in A-3279-15 and appellant in A-3431-15 (A. Michael Barker, on the brief).

PER CURIAM

These two appeals, calendared back-to-back and consolidated for purposes of this opinion, arise out of a complaint filed by plaintiff Mark Hyman against defendant Borough of Longport alleging, among other things, a violation of the New Jersey Civil Rights Act (NJCRA), N.J.S.A. 10:6-1 to -2. Plaintiff appeals from the summary judgment dismissal of his NJCRA claim, while Longport appeals from an order denying its application for fees and costs pursuant to the Frivolous Litigation Statute, N.J.S.A. 2A:15-59.1, and the NJCRA. For the reasons that follow, we affirm both orders.

We need not recite in detail the factual background and procedural history of this matter, which are well known to the parties. Briefly summarizing, plaintiff is a resident of Longport who was a frequent caller to a local political radio talk show, on which he would often criticize Longport's government and voice his belief that Longport Police Department (LPD) officers abused their positions. On April 24, 2014, plaintiff filed a complaint against Longport and others, alleging a violation of the NJCRA.[1] Specifically, plaintiff claimed that, from 2008 to 2013, Longport police and municipal government officials harassed him in retaliation for his constitutionally protected speech on the radio program.

In his certified answers to interrogatories and sworn deposition testimony, plaintiff alleged that the LPD conducted an inadequate investigation and stonewalled his efforts to recover property that was stolen from him when his home was burglarized in February 2009. Other forms of alleged harassment by Longport officials included: (1) telling plaintiff to stay off the radio

---

[1] Plaintiff's complaint against Longport also included counts for tortious interference with contract; negligence; breach of contract; and violation of the New Jersey Racketeer Influenced and Corrupt Organizations (RICO) Act, N.J.S.A. 2C:41-1 to -6.2. On November 12, 2014, the trial court granted Longport's motion to dismiss those counts. Plaintiff does not appeal those dismissals.

and taunting him; (2) issuing him unwarranted tickets; (3) reducing business opportunities for plaintiff and his daughter; and (4) insulting plaintiff about his wife's ethnicity and insinuating their relationship was not genuine.

During discovery, plaintiff amended his interrogatory answers to identify William Hewitt, a retired LPD lieutenant, as a witness having knowledge of facts supporting his retaliation claims. On July 1, 2015, plaintiff noticed Hewitt's deposition for September 10, 2015, but withdrew the deposition notice on September 9. The next day, Jim Brennenstuhl, a private detective who plaintiff had previously hired to investigate his home burglary,[2] took a sworn recorded statement from Hewitt. Hewitt stated that the Longport police officer assigned to the burglary investigation "did everything he could possibly do" and that the LPD "went far beyond what they would do for anyone else, and they did stuff for [plaintiff] just to avoid any problems with [plaintiff]." In the end, the investigation spanned some eighteen months and was closed because the LPD lacked sufficient evidence to support a criminal prosecution. Hewitt further stated he was unaware of "anyone telling anyone not to investigate" the burglary, and nothing in

---

[2] Although not completely clear from the record, it appears that at some point Brennenstuhl was also hired as an outside agent by the LPD.

his experience suggested that the LPD or any of its representatives retaliated against defendant because of his radio appearances.

On October 20, 2015, Longport's counsel served plaintiff's counsel with a frivolous litigation notice (FLN). The FLN stated that, given Hewitt's sworn testimony, it was apparent that plaintiff lacked sufficient competent evidence to support his claims against Longport. The FLN demanded that plaintiff withdraw his complaint within twenty-eight days, failing which Longport would seek frivolous litigation sanctions or an award of counsel fees and costs as a "prevailing party" pursuant to N.J.S.A. 10:6-2(f).

Plaintiff did not withdraw the lawsuit and Longport moved for summary judgment following the close of discovery. Presented with the above evidence and the LPD investigation reports pertaining to the burglary, Judge Noah Bronkesh granted summary judgment in favor of Longport on January 19, 2016. In his written opinion, the judge reasoned:

> This [c]ourt finds that there are no genuine issues of material fact when the facts are viewed in the light most favorable to the non—moving party. The record establishes that the investigation into [p]laintiff's alleged burglary was proper, thorough and adequate. . . . All leads were pursued and while suspects were found, there was not enough evidence to warrant the filing of criminal charges. The record shows the thorough effort made by the investigating

officer in pursuing leads in the alleged burglary. Additionally, even if [p]laintiff could show that the investigation was inadequate, [] [p]laintiff has not shown that the inadequate investigation[] was due to the criticisms voiced on the radio talk show.

["]In order to establish a First Amendment claim, a [p]laintiff must prove (1) that he was engaged in a constitutionally protected activity; (2) that the government responded with retaliation[;] and (3) that the protected activity caused the retaliation." Muhammad v. Abington Twp. Police Dep't, 37 F. Supp.3d 746, 760 (E.D. Pa. 2014), citing George v. Rehiel, 738 F.3d 562, 585 (3d Cir. 2013). Plaintiff cannot show that he was retaliated against by an inadequate investigation because the investigation was proper and in compliance with [LPD] policies and procedures. Contrary to [] [p]laintiff's argument, the competent evidence on the records shows that the police properly investigat[ed] the alleged burglary. Among other listed procedures, the investigation included having police check the property to make sure the perpetrator was not still on the premises, securing the scene to protect evidence, interviewing the victim and any witnesses, dusting the scene for fingerprints, check[ing] with neighbors and surrounding residents for additional potential witnesses, documenting the actions, and taking whatever other actions officers deem necessary for the successful arrest and prosecution of the perpetrator. . . . The steps taken by the police are set forth in further detail in the police records and demonstrate that an adequate investigation was made. Moreover, "there is no statutory or common law right, much less a constitutional right, to an investigation." Mitchell v. McNeil, 487 F.3d 374, 378 (6th Cir. 2007). As such, [p]laintiff has not produced sufficient evidence of retaliatory conduct in the

6

burglary investigation. Furthermore, [p]laintiff has not produce[d] adequate evidence to support his assertions of other instances of retaliation, and he has not set forth sufficient evidence that any inadequacy in the burglary investigation was due to statements [p]laintiff made on the radio show. Finally, [p]laintiff's NJCRA claim fails because [p]laintiff cannot establish that he suffered any underlying constitutional violation by any Longport employee or agent, or that Longport maintained a custom or policy of retaliating against citizens for exercising their right to free speech.

On February 4, 2016, Longport filed an application for fees and costs pursuant to N.J.S.A. 2A:15-59.1 and N.J.S.A. 10:6-2(f). On March 4, 2016, Judge Bronkesh denied the motion, finding there was insufficient evidence that plaintiff asserted the claim in bad faith or solely for the purpose of harassment, or that the action was unreasonable or without foundation. These appeals followed.

II.

In his appeal, plaintiff challenges the grant of summary judgment relief. He argues that the trial court erred in finding the proofs were insufficient to establish: retaliatory harassment by the LPD; a causal connection between the alleged harassment and plaintiff's constitutionally protected activity; and a custom or policy of retaliation against citizens for exercising their free speech rights. We disagree.

7

"[W]e review the trial court's grant of summary judgment de novo under the same standard as the trial court." Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co., 224 N.J. 189, 199 (2016) (citation omitted). Thus, we consider, as the trial court did, "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 406 (2014) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)). If there is no genuine issue of material fact, we must then "decide whether the trial court correctly interpreted the law." DepoLink Court Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (quoting Massachi v. AHL Servs., Inc., 396 N.J. Super. 486, 494 (App. Div. 2007), certif. denied, 195 N.J. 419 (2008)). We review issues of law de novo and accord no deference to the trial judge's conclusions on issues of law. Nicholas v. Mynster, 213 N.J. 463, 478 (2013).

"Although we are mindful that, when reviewing summary judgment motions, we must view the 'evidential materials . . . in the light most favorable to the non-moving party,' conclusory and self-serving assertions by one of the parties are insufficient to overcome the motion[.]" Puder v. Buechel, 183 N.J. 428, 440-41

(2005) (citations omitted). A party's "[b]are conclusory assertions, without factual support in the record, will not defeat a meritorious application for summary judgment." Horizon Blue Cross Blue Shield of N.J. v. State, 425 N.J. Super. 1, 32 (App. Div.) (citing Brae Asset Fund, L.P. v. Newman, 327 N.J. Super. 129, 134 (App. Div. 1999)), certif. denied, 211 N.J. 608 (2012).

Thus, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202, 211 (1986). What is required of the party opposing summary judgment is affirmative evidence that is competent, credible, and shows that there is a genuine issue for trial. "Competent opposition requires competent evidential material beyond mere speculation and fanciful arguments." Cortez v. Gindhart, 435 N.J. Super. 589, 605 (App. Div. 2014) (quoting Hoffman v. Asseenontv.Com, Inc., 404 N.J. Super. 415, 425-26 (App. Div. 2009)), certif. denied, 220 N.J. 269 (2015).

Guided by these principles, we conclude that summary judgment was properly granted. Certainly, we recognize that "constitutionally protected interests 'emanate from every person's right to be insulated from governmental retaliation for expressive

exercises or beliefs protected by the First Amendment.'" <u>Lapolla</u> <u>v. Cty. of Union</u>, ___ <u>N.J. Super.</u> ___, ___ (App. Div. 2017) (slip op. at 13) (citing <u>Commc'ns Workers of Am. v. Whitman</u>, 335 <u>N.J.</u> <u>Super.</u> 283, 289 (App. Div. 2000)). Nonetheless, in the present case, the LPD's reports clearly demonstrate the extensive and prolonged investigation into the burglary of plaintiff's home. That no one was ultimately arrested or prosecuted for the crime does not establish a NJCRA violation. Moreover, plaintiff's own witness, Hewitt, expressly contradicted his claim that he was retaliated against for exercising his free speech rights. Aside from plaintiff's mere speculation, the record simply lacks sufficient factual support for his contention that he was retaliated against in violation of the NJCRA, or that Longport had a custom or policy of engaging in such retaliation.

## III.

We now turn to Longport's appeal from the order denying its request for counsel fees and costs.

> A trial court's determinations on the availability and amount of fees and costs for frivolous litigation are reviewable for "abuse of discretion." [<u>Masone v. Levine</u>, 382 <u>N.J.</u> <u>Super.</u> 181, 193 (App. Div. 2005).] Reversal is warranted when "the discretionary act was not premised upon consideration of all relevant factors, was based upon consideration of irrelevant or inappropriate factors, or amounts to a clear error in judgment." <u>Ibid.</u>

> [<u>Ferolito v. Park Hill Ass'n, Inc.</u>, 408 <u>N.J.</u>
> <u>Super.</u> 401, 407 (App. Div.), <u>certif. denied</u>,
> 200 <u>N.J.</u> 502 (2009).]

Pursuant to the Frivolous Litigation Statute, <u>N.J.S.A.</u> 2A:15-59.1(b), in order for a complaint from the non-prevailing party to be deemed frivolous, the judge must find evidence that the complaint

> (1) . . . was commenced, used or continued in bad faith, solely for the purpose of harassment, delay or malicious injury; or

> (2) The nonprevailing party knew, or should have known, that the complaint . . . was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.

The dismissal of a claim in favor of a defendant is not per se evidence that a plaintiff pursued his or her claim in bad faith. <u>Id.</u> at 408. The party seeking fees resulting from frivolous litigation bears the burden of showing the non-prevailing party acted in bad faith. <u>Ibid.</u>

Moreover, the frivolous litigation statute must be interpreted strictly. <u>DeBrango v. Summit Bancorp</u>, 328 <u>N.J. Super.</u> 219, 226 (App. Div. 2000). Sanctions should be awarded only in exceptional cases, not for every litigation infraction. <u>Iannone v. McHale</u>, 245 <u>N.J. Super.</u> 17, 28 (App. Div. 1990). "When the [non-prevailing party's] conduct bespeaks an honest attempt to

press a perceived, though ill-founded and perhaps misguided, claim, he or she should not be found to have acted in bad faith." Belfer v. Merling, 322 N.J. Super. 124, 144-45 (App. Div.), certif. denied, 162 N.J. 196 (1999) (citation omitted).

Alternatively, Longport asserts its claim for attorney's fees pursuant to the NJCRA, which provides that "the court may award the prevailing party reasonable attorney's fees and costs." N.J.S.A. 10:6-2(f). As Longport candidly points out, the NJCRA was modeled after 42 U.S.C. § 1983, which creates a distinction between the standard for awarding fees to a prevailing defendant as opposed to a prevailing plaintiff. See Rezem Family Assocs., LP v. Borough of Millstone, 423 N.J. Super. 103, 115 (App. Div.), certif. denied, 208 N.J. 366 (2011) (stating that the NJCRA was modeled after 42 U.S.C. § 1983). Under the first scenario, a prevailing defendant cannot receive attorney's fees "unless a court finds that [the plaintiff's] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 422, 98 S. Ct. 694, 701, 54 L. Ed. 2d 648, 657 (1978).

Having reviewed the arguments raised by Longport in light of the record on appeal and applicable law, we conclude that the judge did not abuse his discretion in denying Longport's

application for attorney's fees and costs. We find no basis to disturb the judge's findings that plaintiff, although angry, felt justified in persisting with his claim against Longport, and he "clearly articulated reasons for his claims, albeit without sufficient evidence to ultimately prevail." That the trial court ultimately dismissed plaintiff's complaint, without more, did not establish that he acted in bad faith so as to necessitate an award of attorney's fees for frivolous litigation. See Ferolito, supra, 408 N.J. Super. at 408.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION