NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-1301-12T3

KATHERINE FELICIANO,

     Plaintiff-Respondent/
Cross-Appellant,

v.

JEFFREY N. FALDETTA,

     Defendant-Appellant/
Cross-Respondent,

and

JENNY GONZALEZ,

     Defendant.

_____

> **APPROVED FOR PUBLICATION**
>
> **February 21, 2014**
>
> **APPELLATE DIVISION**

Argued November 7, 2013 — Decided February 21, 2014

Before Judges Grall, Waugh, and Nugent.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Docket No. L-0132-09.

Stephen A. Rudolph argued the cause for appellant/cross-respondent (Rudolph & Kayal, attorneys; Mr. Rudolph, on the briefs).

Daniel E. Rosner and Edward J. Tucker argued the cause for respondent/cross-appellant (Rosner & Tucker P.C., attorneys; Mr. Rosner and Mr. Tucker, of counsel and on the brief).

Mark W. Davis argued the cause for amicus curiae New Jersey Association of Justice (Stark & Stark, attorneys; Mr. Davis, on the brief).

The opinion of the court was delivered by

WAUGH, J.A.D.

Defendant Jeffrey Faldetta appeals the Law Division's award of counsel fees under Rule 4:58-2, which governs the consequences of a failure to accept an offer of judgment. Plaintiff Katherine Feliciano cross-appeals, arguing that the trial judge should have calculated the fees at a higher hourly rate and enhanced the lodestar amount after it was established. We affirm.

I.

We discern the following facts and procedural history from the record on appeal.

On March 7, 2007, while driving in rainy weather, the motor vehicle owned by defendant Jenny Gonzalez and driven by Faldetta struck the vehicle driven by Feliciano. As a result of the accident, Feliciano alleged that she suffered permanent injuries to her neck and lower back, with permanent residuals including muscle damage.

Feliciano filed a personal injury action against Faldetta and Gonzalez in February 2009. Gonzalez was subsequently granted summary judgment, dismissing the claim against her on

2

the basis that Faldetta was not her agent at the time of the accident. Faldetta moved for summary judgment in April 2010, arguing that Feliciano's alleged injuries failed to satisfy the verbal threshold established by N.J.S.A. 39:6A-8(a). The motion was denied in May.

In June, Feliciano served and filed an offer to take judgment in the amount of $15,000, as permitted by Rule 4:58-1. Faldetta rejected the offer. Following a three-day trial in May 2012, the jury returned a verdict in favor of Feliciano, determining that she had suffered permanent injuries and awarding her $50,000 in damages for pain and suffering.

On July 3, Feliciano filed a motion seeking attorney's fees, litigation expenses, and interest pursuant to Rule 4:58-2. In support of the motion, Feliciano filed certifications by the two attorneys who had worked on the case. They sought a total of $62,780 in legal fees. Faldetta filed a brief in opposition, arguing that the fees were unwarranted, excessive, and unreasonable.

On September 18, the trial judge issued a written decision explaining his reasons for awarding $42,230 in counsel fees, $6,831.09 in litigation expenses, and $6,998.67 in interest. On the same day, the trial judge entered judgment against Faldetta for $109,185.27. This appeal and cross-appeal followed.

II.

On appeal, Faldetta argues that (1) Rule 4:58 is unconstitutional because it treats plaintiffs more favorably than defendants, (2) the trial judge failed to consider that the award created undue hardship for Faldetta because the insurance policy covering the Gonzalez vehicle had a policy limit of $50,000, (3) the award was duplicative because Feliciano's attorneys were entitled to a contingent fee, and (4) the trial judge erred in determining the hourly rate and the hours spent on which the award was based. Feliciano argues in the cross-appeal that the judge should have (1) chosen higher hourly rates and (2) awarded an enhanced fee under the principles set forth in Rendine v. Pantzer, 141 N.J. 292, 340-42 (1995).

Because the issue of the constitutionality of Rule 4:58 was not raised in the trial court, we decline to consider it on appeal. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (quoting Reynolds Offset Co. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959), certif. denied, 31 N.J. 554 (1960)); see also State v. Robinson, 200 N.J. 1, 20-22 (2009). In addition, Faldetta failed to give notice to the Attorney General, as required by Rule 2:5-1(h) if the constitutionality of a state "enactment" is challenged. See R.M. v. Supreme

Court, 185 N.J. 208, 213 (2005) (noting that the Supreme Court was represented by Attorney General in constitutional challenge to Rule 1:20-9).

We take the same position with respect to the argument that the trial judge erred by failing to consider and apply the provision in Rule 4:58-2(b) that "[n]o allowances shall be granted pursuant to paragraph (a) if they would impose undue hardship." Although the issue of who would pay the fee award was mentioned during oral argument, there was nothing in the opposition to the motion, particularly certifications, concerning Faldetta's financial position. In addition, it is not clear whether Faldetta has a viable Rova Farms[1] claim against the carrier who defended the action and declined the offer of judgment. If he does, the carrier would be required to pay the judgment, including the fees and expenses awarded under Rule 4:58-2. If it is determined that Faldetta has no such claim, he has the option of seeking relief from that portion of the judgment under Rule 4:50, at which time he would be required to provide the financial information he failed to provide in opposition to the motion.

---

[1] Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474 (1974).

We reject Faldetta's argument that the counsel fee award is duplicative because plaintiff's attorneys are also entitled to a contingent fee of one-third of the amount of the judgment. His argument assumes that plaintiff's counsel is entitled to both the contingent fee and the fees awarded under Rule 4:58-2. That assumption is, in our opinion, inconsistent with the wording of the rule, which provides that "the claimant shall be allowed" costs of suit, legal fees, and interest. To hold that the contingent fee must be deducted from the fee award under the rule would provide a windfall to Faldetta at the expense of Feliciano. Her attorneys are entitled to the fee awarded pursuant to Rule 4:58-2 for the work done after the offer of judgment was rejected and fair compensation from their client for the period prior to that.[2]

Finally, we turn to the issue of the quantum of fees awarded. Faldetta takes issue with the trial judge's acceptance of the hours submitted by Feliciano's attorneys and the hourly rate applied to those hours. Feliciano argues that the judge set the hourly rates too low and erred in declining to award a fee enhancement.

---

[2] There may be a dispute between Feliciano and her attorneys as to the amount of any additional compensation sought by her attorneys. If there is such a dispute, it can be resolved through fee arbitration pursuant to Rule 1:20A-3 or suit following compliance with Rule 1:20A-6.

Rule 4:58-2 "accords [the] judge no discretion regarding whether or not to award attorney's fees and costs of suit in an offer of judgment case." Wiese v. Dedhia, 188 N.J. 587, 592 (2006). The amount of the assessment, however, is discretionary. Packard-Bamberger & Co. v. Collier, 167 N.J. 427, 444 (2001). "We will disturb a trial court's determination on counsel fees only on the 'rarest occasion,' and then only because of clear abuse of discretion." Strahan v. Strahan, 402 N.J. Super. 298, 317 (App. Div. 2008) (quoting Rendine, supra, 141 N.J. at 317).

In calculating the amount of reasonable attorney's fees, courts determine the "lodestar," defined as the "number of hours reasonably expended" by the attorney, "multiplied by a reasonable hourly rate." Furst v. Einstein Moomjy, Inc., 182 N.J. 1, 21 (2004); Rendine, supra, 141 N.J. at 334-35. "The court must not include excessive and unnecessary hours spent on the case in calculating the lodestar." Furst, supra, 182 N.J. at 22. The court is required to make findings on each element of the lodestar fee. Ibid.; R.M. v. Supreme Court, 190 N.J. 1, 11 (2007) (citing Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S. Ct. 1933, 1940, 76 L. Ed. 2d 40, 51 (1983)).

The trial judge carefully reviewed both the hours requested and the hourly rates sought. He found that the time spent by

the attorneys was reasonable, that the hours were not duplicative, and that they had not been increased to inflate the fees. He declined to accept the requested hourly rates for the two attorneys, $500 for trial counsel and $400 for the other attorney. Although he did not apply the hourly rates urged by Faldetta, he described them as more in line with the relevant legal community. He chose hourly rates of $350 and $250, respectively. We see no "clear abuse of discretion" in the judge's determination of the hourly rate or the number of hours eligible for reimbursement, which find adequate support in the record.

Finally, the judge determined that a fee enhancement was not appropriate in this case. Here, the judge did not explain his reasons with the same degree of detail as required by Rendine and subsequent case law. We, nevertheless, agree with his conclusion that a fee enhancement was not required in this case. We note that the purpose of the fee-shifting provisions of Rule 4:58 is to encourage settlement rather than to provide an incentive for representation of plaintiffs in certain types of cases. Rendine, supra, 141 N.J. at 341-42. That is one reason why the fee award is limited to the period after the refusal to accept an offer of judgment. Even if the judge had the discretion to enhance the fees, he was not required to do so

and our review of the record convinces us that he did not abuse any such discretion in declining to do so.  The fee awarded was fair and reasonable under the circumstances of this case.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1301-12T3