**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0485-17T2

S.E.,[1]

    Plaintiff-Appellant,

v.

B.S.B.,

    Defendant-Respondent.

_____

> Submitted September 12, 2018 – Decided  October 3, 2018
>
> Before Judges Messano and Rose.
>
> On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Monmouth County, Docket No. FD-13-2846-94.
>
> Williams Law Group, LLC, attorneys for appellant (Allison C. Williams, of counsel and on the briefs; Cristyn D. Clifton, on the briefs).
>
> Danielle M. Key, attorney for respondent.

PER CURIAM

---

[1] We use initials to protect the privacy of the parties.

Plaintiff S.E. and defendant B.S.B. are respectively the mother and father of D.E., who was born in November 1993. D.E. lives with plaintiff and has never had a relationship with defendant. In May 2017, in response to an earlier notice from probation that defendant's child support payments would soon terminate, plaintiff filed a pro se motion seeking to continue the court order then in effect requiring defendant to pay $295 per week and one-half of D.E.'s medical expenses.[2]

Plaintiff appeared pro se for the hearing on her motion; defendant was represented by counsel. Framing the purpose of the proceeding, the judge noted that defendant's continuing court-ordered support obligations presumptively terminated when D.E. reached twenty-three years of age in November 2016. See N.J.S.A. 2A:17-56.67(a)(1) (setting presumptive age of nineteen years for termination of child support unless, among other things, a different date is ordered by the court, "which shall not extend beyond the date the child reaches [twenty-three] years of age"). The judge correctly observed that the court could order defendant's continued financial support after D.E.'s twenty-third birthday

---

[2] Apparently, without considering the motion, a Family Part judge entered an order on June 13, 2017, terminating defendant's child support obligations. Plaintiff's motion was nonetheless eventually heard before a different judge on July 24, 2017.

A-0485-17T2

in exceptional circumstances.  See N.J.S.A. 2A:17-56.67(e)(2) (permitting court to convert child support to continued financial maintenance after the child's twenty-third birthday under "exceptional circumstances").

Plaintiff testified that D.E. was born with cerebral palsy and had since been diagnosed with Attention Deficit/Hyperactivity Disorder (ADHD).  He had graduated high school, was taking classes at the local community college, earning credits toward an associate degree, and had applied, unsuccessfully, for numerous jobs.  Plaintiff further testified that she successfully obtained Social Security disability benefits for D.E. and that he received $325 per month.  Additionally, D.E. was able to access services, such as transportation, provided by social service agencies.  Plaintiff described D.E.'s physical impairments and limitations but said, "he's mostly capable of doing things."  Plaintiff offered medical reports from 2014 and 2015 regarding her son's conditions and a 2016 Individualized Service Plan (ISP) from a social service provider.  However, the judge excluded medical and other bills that plaintiff tendered as evidence of financial obligations she incurred on behalf of D.E.

Defendant's testimony was quite limited.  Essentially, he never had any contact with his son and was unaware of his medical conditions until 2015 or 2016.

In a comprehensive oral opinion, the judge first summarized salient case law. Turning to the testimony, the judge found "certain parts of plaintiff's testimony" credible, but other portions not credible and "inconsistent." In particular, he found credible plaintiff's testimony that D.E. was "mostly capable of doing things on his own," "is able to work," and "with a two[-]year degree and a city job[, could] be self[-]sufficient." The judge also found that D.E. was able to attend physical therapy on his own.

The judge noted that plaintiff supplied no current medical evidence "to substantiate the child's continuing need or disability of a severe nature." He reviewed the medical records plaintiff had supplied and concluded: "There's nothing to indicate that the child's cerebral palsy is . . . to a severity required for a parent to necessarily provide financial . . . support . . . beyond the age of [twenty-three] . . . ." He entered the July 24, 2017 order denying plaintiff's application, and this appeal followed.

Plaintiff contends the judge erred because "when a child is unemancipated as a result of a disability," a parent is obligated to continue financial maintenance, and D.E. continues to need financial support because he is unable to support himself. Defendant counters, arguing the judge did not mistakenly exercise his discretion in denying continued maintenance and emancipating

4

D.E., particularly since plaintiff failed to shoulder her burden and demonstrate D.E. remained financially dependent and in need of continuing financial support because of his disability.

We recognize that our review is limited and guided by certain principles.

> We "do not disturb the factual findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice . . . ." Rova Farms Resort, Inc. v. [Inv'rs] Ins. Co. of Am., 65 N.J. 474, 484 (1974) (citation and internal quotation marks omitted). Also, "[b]ecause of the family courts' special jurisdiction and expertise in family matters, appellate courts should accord deference to family court factfinding." Cesare v. Cesare, 154 N.J. 394, 413 (1998). Accordingly, when a reviewing court concludes there is satisfactory evidentiary support for the trial court's findings, "its task is complete and it should not disturb the result, even though it has the feeling it might have reached a different conclusion were it the trial tribunal." Beck v. Beck, 86 N.J. 480, 496 (1981) (citation and internal quotation marks omitted).
>
> [Llewelyn v. Shewchuk, 440 N.J. Super. 207, 213-14 (App. Div. 2015).]

The trial court is accorded substantial discretion in determining issues involving child support, and we will not disturb the court's decision unless "it is manifestly unreasonable, arbitrary, or clearly contrary to reason or to other evidence, or the result of whim or caprice." J.B. v. W.B., 215 N.J. 305, 326 (2013) (quoting

5

<u>Jacoby v. Jacoby</u>, 427 N.J. Super. 109, 116 (App. Div. 2012)). We confer no special deference upon the judge's interpretation of the law, which is subject to plenary review. <u>Manalapan Realty, L.P. v. Twp. Comm. of Manalapan</u>, 140 N.J. 366, 378 (1995).

We succinctly summarized the general principles governing a child's right to continued support from his parents beyond the age of majority, including adult children with special needs, in <u>Llewelyn</u>, 440 N.J. Super. at 214-18. After our decision, the Legislature enacted N.J.S.A. 2A:17-56.67, which became effective February 1, 2017, and therefore applied to this case.

The statute terminates child support obligations "by operation of law when a child reaches [twenty-three] years of age," unless "upon application of a parent or child," the court converts "a child support obligation to another form of financial maintenance for a child who has reached the age of [twenty-three]" "due to exceptional circumstances including . . . a mental or physical disability." N.J.S.A. 2A:17-56.67(e). The Legislature, nevertheless, left unchanged N.J.S.A. 2A:34-23(a), which provides:

> The obligation to pay support for a child who has not been emancipated by the court shall not terminate solely on the basis of the child's age if the child suffers from a severe mental or physical incapacity that causes the child to be financially dependent on a parent. The obligation to pay support for that child shall continue

A-0485-17T2

> until the court finds that the child is relieved of the incapacity or is no longer financially dependent on the parent. However, in assessing the financial obligation of the parent, the court shall consider, in addition to the factors enumerated in this section, the child's eligibility for public benefits and services for people with disabilities and may make such orders, including an order involving the creation of a trust, as are necessary to promote the well-being of the child.
>
> [Ibid.]

Read together, these provisions mean that "by operation of law," a parent has no continuing obligation to support an adult child after age twenty-three, unless the child or the moving parent overcomes that presumption and demonstrates the child's continuing "severe mental or physical incapacity causes" his continued financial dependence. Stated conversely, if an adult child suffers from a disability but is self-sufficient, he is generally considered emancipated and beyond the sphere of a parent's legal, if not moral, obligation. See Kruvant v. Kruvant, 100 N.J. Super. 107, 119 (App. Div. 1968).

Here, we defer to the judge's factual findings, which are supported by the evidence. For example, the reports from D.E.'s treating doctor noted D.E. attends physical therapy and karate classes on a weekly basis without pain, and diagnosed his condition as "[c]erebral palsy, mild spastic diplegia . . . ." In a certification in support of an earlier motion she filed for reconsideration,

A-0485-17T2

plaintiff described D.E. as suffering from a "mild [c]erebral [p]alsy and [ADHD]."

Plaintiff's brief cites D.E.'s inability to perform tasks of daily living, such as tying his shoes. However, the ISP report offered to the judge also notes that D.E. "is independent with most activities of daily living," "knows how to complete chores around the house," can prepare his own meals with supervision, and has earned a black belt in karate.

Plaintiff bore the burden of rebutting the presumption of emancipation as a matter of law when a child reaches the age of twenty-three. Ricci v. Ricci, 448 N.J. Super. 546, 572 (App. Div. 2017); Llewelyn, 440 N.J. Super. at 216. We are sensitive to plaintiff's concerns about D.E.'s future well-being and financial security, which we can conclude are palpably genuine from simply reading the transcript in this case. However, our review is circumscribed. The motion judge did not abuse his discretion in denying the motion for continued financial maintenance.

A-0485-17T2

Affirmed.[3]

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

[3]  In her reply brief, plaintiff presents material, including photos of her and defendant, intended to rebut defendant's testimony denying any significant relationship between the two; evidence of D.E.'s enrollment in defendant's healthcare plan, intended to rebut defendant's denial of any knowledge of D.E.'s medical condition; and an updated social services report from September 2017, that describes D.E.'s inability to perform activities of daily living.  Plaintiff asks us to reverse based on this information or remand the matter.

We will not consider arguments first raised in a reply brief, Feliciano v. Faldetta, 434 N.J. Super. 543, 547 (App. Div. 2014), nor will we consider, in the absence of a motion to supplement the record, which was not made in this case, material not presented before the motion judge.  See Hisenaj v. Kuehner, 194 N.J. 6, 25 (2008) (noting an appellate court must "restrict [itself] to the record made before the trial court").

We affirm the order entered on the record before us and do not express any opinion on the availability of future options for plaintiff or D.E.

9                                    A-0485-17T2