**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2781-18T2

VALERIE KONEFAL,
ANTHONY J. D'ARTIGLIO,
ESQ., and ANSELL GRIMM
& AARON, P.C.,

      Plaintiffs-Appellants,

v.

HOWARD LANDAU,

      Defendant-Respondent,

and

EILEEN LANDAU a/k/a
MARIE LANDAU, an
Incapacitated Person, and
EILEEN LANDAU BY HER
COURT APPOINTED GUARDIAN,
DENISE BLIND,

      Defendants.

_____

      Argued telephonically February 4, 2020 -
      Decided May 13, 2020

      Before Judges Rothstadt and Moynihan.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-0407-17.

Anthony Joseph D'Artiglio argued the cause for appellants (Ansell Grimm & Aaron, PC, attorneys; Joshua S. Bauchner and Anthony Joseph D'Artiglio, on the briefs).

Ronald P. Groseibl argued the cause for respondent.

PER CURIAM

Plaintiff Valerie Konefal and her attorney appeal from the Law Division's order, awarding $39,391.60 in frivolous litigation attorney's fees under Rule 1:4-8 and N.J.S.A. 2A:15-59.1 to defendant Howard Landau.[1]  The parties, who are related by marriage, engaged in a dispute over Howard's alleged management of funds left to plaintiff and her sister, Howard's wife, defendant Eileen Landau.[2] After a bench trial, the trial judge dismissed plaintiff's complaint and later awarded the fees, because plaintiff provided insufficient evidence to support her contentions at trial.  We vacate the award and remand for reconsideration

[1]  In the body of the order, it stated that the $39,391.60 in fees was awarded under Rule 1:4-8 and N.J.S.A. 2A:15-59.1.  However, in additional language appended to the order it stated that the award was being made under Rule 1:4-8.

[2] We shall refer to the Landau defendants by their first names for clarity and to avoid any confusion created by their common surnames.

because the trial judge did not provide a complete analysis of the motion seeking fees under the Rule and statute.

Plaintiff and Eileen, who is known as "Marie," are the daughters of the late Marjorie E. Morrison, who died in 1995. After her death, plaintiff raised questions about her share of her mother's money. It was plaintiff's understanding that Howard was managing the money initially for her mother and later on behalf of plaintiff and Marie. When plaintiff demanded her share, Howard denied ever managing any of the funds and asserted that he did not hold any money on behalf of plaintiff. According to Howard, he was not even sure his mother-in-law, who had been living in a nursing home, had any money when she died.

On January 13, 2017, plaintiff filed a complaint against Howard alleging breach of fiduciary duty, fraud, conversion, and unjust enrichment. On February 3, 2017, Howard's counsel sent plaintiff's attorney a notice and demand to withdraw the complaint only under Rule 1:4-8. When he did not comply, Howard filed responsive pleadings and later plaintiff amended her complaint, naming Marie as a defendant, and alleging constructive trust, disgorgement, and accounting. After Howard and Marie filed responsive pleadings, on December

11, 2018, in a separate proceeding, another judge declared Marie incapacitated and appointed a guardian for her.

After the close of discovery, neither party moved for summary judgment. The trial judge conducted a bench trial on November 28 and 29, 2018. The next day, the judge entered an order dismissing plaintiff's complaint with prejudice and issued a written decision setting forth credibility findings, findings of fact, and reasons for dismissing plaintiff's complaint.

In her comprehensive, twenty-two page decision, the trial judge found Howard more credible than plaintiff, and rejected plaintiff's contentions about Howard managing or investing his late mother-in-law's money, having access to any such funds or that plaintiff was owed any money from him.[3] The judge specifically found that, contrary to plaintiff's contentions, there was no proof that plaintiff's mother made an inter vivos gift to Marie. Rather, she found that Marie was handling her mother's funds under a power of attorney, which expired upon death and that the mother's will reflected her intent to leave her estate to both her daughters. Since plaintiff offered no evidence of how much money was left at the time of her mother's death, other than her own testimony about

---

[3] In reaching her decision, the trial judge applied the "clear and convincing standard" to plaintiff's proofs about her conversations with the incapacitated Marie, who did not testify at trial.

A-2781-18T2

conversations with Marie, and the evidence demonstrated that she never asserted a claim for an accounting until 2012 at the earliest, the judge did not find her testimony credible "on a preponderance of the evidence standard, let alone a clear and convincing standard."

On December 20, 2018, Howard filed a motion for legal fees under Rule 1:4-8 and N.J.S.A. 2A:15-59.1.[4]  In support of his motion, Howard's attorney filed a certification of services under Rule 4:42-9(b).  Plaintiff filed opposition. On January 25, 2019, the trial judge entered the order granting Howard's motion.

The trial judge entered the order awarding counsel fees to Howard under Rule 1:4-8 and N.J.S.A. 2A:15-59.1.  In supplemental language added to the order, the judge stated she was awarding the fees only under the Rule.  She also stated that she found Howard's attorney's fees were reasonable given his experience and geographical location.  The judge concluded that plaintiff's claims against Howard were frivolous given that plaintiff failed to prove her mother had any money at the time of her death, plaintiff took no action to pursue

---

[4]  Although Howard requested oral argument as part of this motion, it does not appear from the record that oral argument was ever heard, as we have not been provided with a transcript.  According to plaintiff, the trial judge "refused to grant oral argument."  Contributing to the confusion, the trial judge's January 25, 2019 order awarded fees after "having heard and considered the arguments of counsel."

her claim for approximately seventeen years, and never hired an expert to prove the value of her mother's investments, if any. The trial judge stated that plaintiff failed to produce "anything other [than] bare allegations." This appeal followed.

On appeal, plaintiff and her attorney contend: that the trial judge "abdicated [her] role as an impartial fact finder"; plaintiff's action was not frivolous; fees were improperly awarded because Howard could not have prevailed on summary judgment; the judge "improperly shifted the burden to [plaintiff and her attorney] to prove the complaint was not frivolous"; Howard's "Rule 1:4-8 notice [was] insufficient"; and the fees awarded were excessive.

We review for an abuse of discretion a trial judge's decision to sanction a party under N.J.S.A. 2A:15-59.1 or an attorney under Rule 1:4-8 for filing and pursuing frivolous claims. "An abuse of discretion is demonstrated if the discretionary act was not premised upon consideration of all relevant factors, was based upon consideration of irrelevant or inappropriate factors, or amounts to a clear error of judgment." In re Estate of Ehrlich, 427 N.J. Super. 64, 76 (App. Div. 2012) (quoting United Hearts, L.L.C. v. Zahabian, 407 N.J. Super. 379, 390 (App. Div. 2009)). We review a trial judge's legal conclusions de novo. Occhifinto v. Olivo Constr. Co., 221 N.J. 443, 453 (2015).

We conclude from our review of the record and the applicable principles of law that the trial judge did not conduct the required analysis of Howard's claim for fees and did not adequately set forth her reasons for granting the motion. Specifically, the judge only relied upon her finding that Howard was more credible than plaintiff, who for that reason, could not prove her claim. This was not a sufficient basis to award fees. Also, the judge did not provide any analysis of the separate claims against plaintiff and her attorney.

A party may recover legal fees if permitted by, among other authorities, a statute or court rule. See R. 4:42-9; Litton Indus., Inc. v. IMO Indus., Inc., 200 N.J. 372, 385 (2009). N.J.S.A. 2A:15-59.1 and Rule 1:4-8 permit a judge to award attorney's fees as sanctions against a litigant or an attorney for pursuing a frivolous complaint. Rule 1:4-8 applies only to attorneys or self-represented parties, and N.J.S.A. 2A:15-59.1 applies to represented parties. See Toll Bros. v. Township of W. Windsor, 190 N.J. 61, 67-69 (2007); see also Trocki Plastic Surgery Ctr. v. Bartkowski, 344 N.J. Super. 399, 404-05 (App. Div. 2001).

Both the Rule and the statute require that the prevailing party seeking the sanction prove that the non-prevailing party acted in bad faith, McKeown-Brand v. Trump Castle Hotel & Casino, 132 N.J. 546, 549 (1993), "for the purpose of harassment, delay or malicious injury," or pursued the action "without any

reasonable basis in law or equity and could not . . . support [its actions] by a good faith argument for an extension, modification or reversal of existing law." N.J.S.A. 2A:15-59.1(b)(1) to (2); see also R. 1:4-8; Tagayun v. AmeriChoice of N.J., Inc., 446 N.J. Super. 570, 580 (App. Div. 2016) ("The party seeking sanctions bears the burden to prove bad faith."); Ferolito v. Park Hill Ass'n, Inc., 408 N.J. Super. 401, 408 (App. Div. 2009) ("[A]n award cannot be sustained if the 'plaintiff did not act in bad faith in asserting' or pursuing the claim." (quoting McKeown-Brand, 132 N.J. at 549)); United Hearts, L.L.C., 407 N.J. Super. at 389 ("Where a party has [a] reasonable and good faith belief in the merit of the cause, attorney's fees will not be awarded." (quoting First Atl. Fed. Credit Union v. Perez, 391 N.J. Super. 419, 432 (App. Div. 2007))).

> [T]he Legislature has not defined "bad faith" as used in N.J.S.A. 2A:15-59.1. "An act in bad faith is an act by one person or entity that affects another, failing to accord a reasonable duty of care toward the other, unjustifiably harming the other's interests by an act of a quality or form that would not occur if the person or entity had acted with good faith." Stephen Michael Shepherd, The Wolters Kluwer Bouvier Law Dictionary Desk Edition, 2012. Other New Jersey courts have noted sister state definitions that "[b]ad faith is not simply bad judgment or negligence, rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity. It is different from the negative idea of negligence in that it contemplates a state of mind affirmatively operating with furtive design or ill will." Borzillo v. Borzillo, 259

N.J. Super. 286, 292 (Ch. Div. 1992) (citations omitted). While the court is not bound by these definitions, case law and the absence of a statutory definition support the view that the court is required to make a determination of whether bad faith exists on a case-by-case basis. The statutory language and relevant case law make clear that a claim lacking a legal basis, <u>coupled with a finding of bad faith</u>, may warrant sanctions against a non-prevailing party.

[<u>Wolosky v. Fredon Township</u>, 31 N.J. Tax 373, 392-93 (2019) (emphasis added).]

"The court must strictly interpret the frivolous litigation statute and <u>Rule</u> 1:4-8 against the applicant seeking attorney's fees and/or sanctions." <u>Id.</u> at 390 (citing <u>LoBiondo v. Schwartz</u>, 199 N.J. 62, 99 (2009)). Courts should exercise restraint in awarding frivolous litigation sanctions. <u>See</u> <u>McDaniel v. Man Wai Lee</u>, 419 N.J. Super. 482, 499 (App. Div. 2011) ("Sanctions are not to be issued lightly."). The goal of the statute is to "deter baseless litigation," but "without discouraging honest, creative advocacy," and "keep[ing] in mind our significant policy that litigants should usually bear their own litigation costs." <u>DeBrango v. Summit Bancorp</u>, 328 N.J. Super. 219, 226-27 (App. Div. 2000). <u>Accord</u> <u>Iannone v. McHale</u>, 245 N.J. Super. 17, 26-28 (App. Div. 1990). A judge should only award sanctions for frivolous litigation in exceptional cases. <u>See id.</u> at 28.

Sanctions imposed under <u>Rule</u> 1:4-8 "are specifically designed to deter the filing or pursuit of frivolous litigation." <u>LoBiondo</u>, 199 N.J. at 98. They

9

"will not be imposed against an attorney who mistakenly files a claim in good faith." Bove v. AkPharma Inc., 460 N.J. Super. 123, 148 (App. Div. 2019); see also First Atl. Fed. Credit Union, 391 N.J. Super. at 432 (holding that where an "objectively reasonable belief" in the merits of the case exists, attorney's fees will not be awarded). And, they should not be "imposed because a party is wrong about the law and loses his or her case." Tagayun, 446 N.J. Super. at 580. Rather, "[a] claim will be deemed frivolous or groundless [only] when no rational argument can be advanced in its support, when it is not supported by any credible evidence, when a reasonable person could not have expected its success, or when it is completely untenable." Belfer v. Merling, 322 N.J. Super. 124, 144 (App. Div. 1999). Even then, "[w]hen a prevailing defendant's allegation is based on the absence of 'a reasonable basis in law or equity' for the plaintiff's claim and the plaintiff is represented by an attorney, an award cannot be sustained if the 'plaintiff did not act in bad faith in asserting' or pursuing the claim." Wolosky, 31 N.J. Tax at 391 (quoting Ferolito, 408 N.J. Super. at 408).

Moreover, clients are entitled to rely upon their attorneys for an analysis of the merits of their case. "[A] client who relies in good faith on the advice of counsel cannot be found to have known that his or her claim or defense was baseless." McKeown-Brand, 132 N.J. at 558. "Although the advice of counsel

will not necessarily provide a defense to a bad-faith litigant, in many cases, it may constitute an adequate explanation for the assertion of a claim or defense." Id. at 559.

In addition, "[f]alse allegations of fact will not justify a fee award unless they are made in bad faith, for the purpose of harassment, delay, or malicious injury." Belfer, 322 N.J. Super. at 144. "When the plaintiff's conduct bespeaks an honest attempt to press a perceived, though ill-founded and perhaps misguided, claim, he or she should not be found to have acted in bad faith." Id. at 144-45; see also DeBrango, 328 N.J. Super. at 227 (holding that counsel fee sanction not warranted when plaintiff had reasonable good faith belief in merits of claim); Ellison v. Evergreen Cemetery, 266 N.J. Super. 74, 86 (App. Div. 1993) ("The most that can be said is that plaintiffs were perhaps overly optimistic in seeking a remedy, but this does not mean that the litigation was essentially frivolous.").

Before deciding whether a party or an attorney pursued "frivolous litigation," by acting in bad faith, the trial judge must determine whether the moving party served the requisite written notice and demand that the frivolous claim be withdrawn. See R. 1:4-8(b)(1); Bove, 460 N.J. Super. at 150. "The notice must 'set [] forth "with specificity" the basis for his or her belief that the

pleading is frivolous. The notice must be sufficiently specific and detailed to provide an opportunity to "withdraw the assertedly offending pleadings."'" <u>Ibid.</u> (alteration in original) (quoting <u>Ferolito</u>, 408 N.J. Super. at 408). The required notice "furthers the legislative purposes by providing all opportunity for remediation. Noncompliance places the applicant at risk of forfeiting recompense for defending against allegedly frivolous litigation conduct for which the offending person was not put on notice." <u>Toll Bros.</u>, 190 N.J. at 72.

When a prevailing party seeks sanctions against an attorney under <u>Rule</u> 1:4-8 <u>and</u> against a party under N.J.S.A. 2A:15-59.1, it is incumbent upon the trial judge to consider the respective responsibility of each. <u>Savona v. Di Giorgio Corp.</u>, 360 N.J. Super. 55, 63 (App. Div. 2003). And, under <u>Rule</u> 1:7-4(a), the trial judge is required to make specific findings of facts and conclusions of law as to each claim. A trial judge's "failure . . . to set forth findings" to support an award of attorney's fees is grounds for remand. <u>Alpert, Goldberg, Butler, Norton & Weiss, P.C. v. Quinn</u>, 410 N.J. Super. 510, 547 (App. Div. 2009). Neither the parties nor an appellate court should be required to extrapolate, from minimal remarks, the judge's justification for a sanction award. The order must be clear not only to support the conclusion, but also to identify the conduct the sanctions are designed to deter. <u>R.</u> 1:4-8(d). Moreover,

an analysis of the reasonableness of the fees awarded as a sanction must be stated. City of Englewood v. Exxon Mobile Corp., 406 N.J. Super. 110, 125 (App. Div. 2009).

Applying these guiding principles to the trial judge's decision here, we are constrained to remand the matter to her for reconsideration. The judge's decision as it stands is devoid of any consideration of the sufficiency of the notice sent by Howard, and whether that notice was adequate to satisfy Howard's obligation under the statute as well as the Rule. Also, although the judge concluded that the case "turned upon the facts and the credibility of the witnesses," and that plaintiff failed to prove her claims by "clear and convincing evidence" or "by a preponderance of the evidence," the judge never analyzed whether plaintiff or her attorney acted in bad faith. In addition, the judge's conclusory remarks about the reasonableness of the fees claimed fell short of what Rule 1:7-4 requires, if fees are to be awarded. See R.M. v. Supreme Court of N.J., 190 N.J. 1, 12-13 (2007) (vacating and remanding counsel fee award where judge failed to explain how or why he arrived at award); City of Englewood, 406 N.J. Super. at 125-26 (vacating and remanding attorney fee award where record was devoid of explanation for the fee award); Feliciano v. Faldetta, 434 N.J. Super. 543, 549

(App. Div. 2014) (requiring courts to make findings on each element of the lodestar fee).

On remand, the trial judge must consider Howard's application anew and issue a new decision setting forth her specific findings as to each element of Howard's claim for fees under Rule 1:4-8 and N.J.S.A. 2A:15-59.1, and explain her reasons for awarding them, or not, as to plaintiff and her attorney. By remanding this matter, we do not infer one way or the other how the trial judge should decide the application.

On remand, the trial judge need not revisit plaintiff's argument that her claims were not frivolous because she would have survived a summary judgment motion if Howard had filed one. We agree with the trial judge that the argument is "not persuasive" and conclude that it lacks any merit. We find plaintiff's reliance on our opinion in United Hearts, L.L.C., 407 N.J. Super. at 393-94, (holding that a matter cannot be deemed frivolous nor litigated in bad faith where summary judgment is not granted and the matter is permitted to proceed to trial), to be inapposite because there was never a summary judgment motion filed by any party. See also Ferolito, 408 N.J. Super. at 408 (stating that a court may not rely solely on the fact that defendant was entitled to summary judgment to find that the non-prevailing party's claims were frivolous).

Affirmed in part; vacated and remanded in part for further proceedings consistent with our opinion.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2781-18T2