975 A.2d 473 (2009)
408 N.J. Super. 401
Arnold P. FEROLITO, Plaintiff-Appellant/Cross-Respondent,
v.
PARK HILL ASSOCIATION, INC.[1] and Pagano Company, Defendants-Respondents/Cross-Appellants, and
Fay Berlin, Mary Chrisler, Joan Domas, Joseph Rose and John Walters, Defendants.
No. A-4985-07T1.
Superior Court of New Jersey, Appellate Division.
Argued June 2, 2009.
Decided July 27, 2009.
*475 Joseph P. Castiglia, Oradell, argued the cause for appellant/cross-respondent (Law Offices of Joseph P. Castiglia, attorneys; Mr. Castiglia and Joshua G. Curtis, on the brief).
Martin N. Crevina, Harristown, argued the cause for respondents/cross-appellants (Buckalew Frizzell & Crevina, attorneys; Mr. Crevina, on the brief).
Before Judges SKILLMAN, GRAVES and GRALL.
The opinion of the court was delivered by
GRALL, J.A.D.
Plaintiff Arnold P. Ferolito owns one of 142 residential condominium units housed in eleven separate apartment buildings known as Park Hill. The defendants are Park Hill Association, Inc. (Association), Pagano Company, which manages the buildings, and individual members of the Association's board of directors. On a prior appeal, we affirmed an order dismissing plaintiff's complaint without prejudice and reversed and remanded an order requiring plaintiff to pay defendants $10,000 for fees and costs pursuant to the Frivolous Litigation Statute, N.J.S.A. 2A:15-59.1. Ferolito v. Park Hill Ass'n, Inc., No. A-2742-05T1, 2007 WL 4165345 (App.Div. Nov. 27, 2007).
On remand, the trial court supplemented the initial award, added an amount for fees and costs on remand, and denied defendants' application for fees and costs on appeal. Judgment was entered in favor of defendants and against plaintiff individually in the amount of $26,988.62. Plaintiff appeals and contends that defendants are not entitled to an award. Defendants cross-appeal contending that the award should be higher and include fees and costs on appeal.

I
The underlying dispute involves plaintiff's request for the Association to install a satellite dish system. His condominium unit is occupied by his mother-in-law, who speaks Russian. Installation of the system would allow her to receive programs broadcast in that language. Between January and October 2003, plaintiff submitted various proposals and appeared before the board. During the same period, the board sought additional information about the cost, surveyed the residents to assess their *476 interest in the project and determined to take no action. In January 2004, plaintiff submitted a new proposal from a different carrier. That satellite service company provided a more detailed description in September 2004. After the proposal was presented at the Association's annual meeting in November 2004, the board decided to conduct another survey to determine whether there was sufficient interest to warrant approval of the project.
On January 7, 2005, plaintiff filed a complaint alleging that defendants arbitrarily withheld approval, count one; denied his rights under the Association's public offering statement and by-laws, count two; and violated his rights under 47 C.F.R. § 1.4000, count three. Prior to filing an answer, defendants served a notice and demand for plaintiff's attorney to withdraw the complaint pursuant to Rule 1:4-8. The notice and demand included the following explanation:
The Association and Pagano believe that the complaint, as it refers to them, is in violation of R. 1:4-8, in that it is frivolous and constitutes an abuse of process because it legally lacks any foundation. Accordingly, the Association and Pagano demand that you dismiss the Complaint against them.
The claims against the Association and Pagano arise from the frivolous claim that the Association's policy regarding a satellite dish antenna violates OTARD or other Federal law. The exterior surface of the windows at the Association are clearly general common elements pursuant to the Master Deed. Accordingly, the Federal Communications Commission Over the Air Reception Device Rule (the "FCC Rule") does not apply. The FCC Rule does not limit the power of a community association to restrict the use of a satellite dish on the general common elements. Rather, the FCC Rule only regulates such restrictions regarding, areas within the exclusive use or control of the condominium unit owner.
Under the Association's recorded Master Deed and By-laws, it is clear that the exterior of the building is a general common element. The FCC Rule therefore does not permit your clients to attach a satellite dish antenna to the window....
....[2]
For the foregoing reasons, Park Hill Condominium Association, Inc. and Pagano Company hereby demand that the above-captioned complaint against them be dismissed within 28 days of your receipt of this letter.
If the complaint is not dismissed within 28 days of your receipt of this letter, Park Hill Condominium Association, Inc. and Pagano Company will file a separate motion pursuant to R. 1:4-8(b) for court imposed sanctions and an order for attorneys' fees against your firm and Arnold P. Ferolito.
The complaint was not withdrawn. On cross-motions for summary judgment, the trial court determined that the Association could not be said to have acted without good faith in addressing vague proposals and attempting to assess the support of its owners. Concluding that plaintiff's complaint was premature until the board had an opportunity to submit a "detailed proposition" to the unit-owners, the court dismissed the complaint without prejudice.
Following entry of that order, defendants' attorney filed an application for fees and costs asserting that plaintiff refused to dismiss the complaint despite defendants' notice and demand. They described *477 that notice as providing a detailed factual and legal statement as to why plaintiff's complaint was frivolous and should be withdrawn. The trial court gave the following reasons for granting that application:
Plaintiff was served with a letter (R. 1:4-8) to seek withdrawal of the complaint and set forth its reasons. Plaintiff saw fit to continue its litigation. The court's ruling essentially ratified defendants' position in seeking the withdrawal of the complaint. Therefore, plaintiff's continuation of the litigation has transmogrified the action into a frivolous action in light of the result that defendants predicted.
On appeal from the orders dismissing plaintiff's complaint and awarding counsel fees, we reversed the award and remanded because the trial court had not addressed the "applicable standards." Op. at 409, 975 A.2d at 479.
On remand, defendants sought an increase in the amount of the initial award, and an additional amount for fees and costs incurred on appeal and the remand proceedings that followed. In support of that application, defendants asserted:
The complaint alleged that plaintiff had requested permission to install a satellite dish at the complex, that the Association unreasonably denied him permission to install the satellite dish and that the Association's conduct was arbitrary, unreasonable and capricious since it violated federal statutes and regulations.
The case was assigned to a different judge, and he summarized his reasons for concluding that defendants were entitled to the initial award and additional relief:
Whether plaintiff subjectively believes his cause had merit is irrelevant. That belief must be a reasonable good faith belief, and here it is not. Masone v. Levine, 382 N.J.Super. 181, 192, 887 A.2d 1191 (App.Div.2005).
The heart of plaintiff's claim was that the Association acted in bad faith, a claim which, as affirmed by the appellate division, has no basis in the record or in law, or in equity. The record, rather, reveals only and at every turn a board making reasonable efforts to engage a unit owner in good faith on an issue of great importance to him, and of possible interest to the board and unit owners, and reaching in good faith, a conclusion not to adopt the vague proposal that the unit owner was demanding. There was no basis in law or fact to challenge the defendants' action. As characterized by defendants' belief, this plaintiff simply would not take no for an answer. The Association should not be forced to pay its attorneys fees and costs of vindicating their patently correct position, and, under the Frivolous Claims Act, they are entitled to shift the reasonable and necessary costs of this litigation to the party who initiated it and pursued it in the utter absence of factual or legal justification. N.J.S.A. 2A:15-59.1(b)(2).
I make no award against plaintiff under R. 1:4-8, as he is obligated under the statute to pay the fees and costs, and as the record does not reveal the extent to which he may have relied upon the advice of counsel.

II
A trial court's determinations on the availability and amount of fees and costs for frivolous litigation are reviewable for "abuse of discretion." Masone, supra, 382 N.J.Super. at 193, 887 A.2d 1191. Reversal is warranted when "the discretionary act was not premised upon consideration of all relevant factors, was based upon consideration of irrelevant or inappropriate factors, or amounts to a clear error in judgment." Ibid.
*478 The Frivolous Litigation Statute, N.J.S.A. 2A:15-59.1, "serv[es] a dual purpose. On the one hand, the statute serves a punitive purpose, seeking to deter frivolous litigation. On the other hand, the statute serves a compensatory purpose, seeking to reimburse the party that has been victimized by the party bringing the frivolous litigation." Toll Bros., Inc. v. Twp. of W. Windsor, 190 N.J. 61, 67, 918 A.2d 595 (2007) (internal quotations and citations omitted). The remedial sanction is a payment of "reasonable counsel fees and litigation costs." Ibid. Only a party "who prevails in a civil action" is entitled to that relief. N.J.S.A. 2A:15-59.1a(1). And, "imposition of sanctions under the statute [is confined] to parties." McKeown-Brand v. Trump Castle Hotel & Casino, 132 N.J. 546, 560, 626 A.2d 425 (1993); see id. at 549, 626 A.2d 425. Any responsibility for frivolous litigation must be assigned to attorneys pursuant to Rule 1:4-8.
A claim is "frivolous" within the meaning of the statute if filed or pursued "in bad faith, solely for the purpose of harassment, delay or malicious injury," N.J.S.A. 2A:15-59.1(b)(1), or if "[t]he nonprevailing party knew, or should have known, that the [claim or defense] was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law," N.J.S.A. 2A:15-59.1(b)(2). When a prevailing defendant's allegation is based on the absence of "a reasonable basis in law or equity" for the plaintiff's claim and the plaintiff is represented by an attorney, an award cannot be sustained if the "plaintiff did not act in bad faith in asserting" or pursuing the claim. McKeown-Brand, supra, 132 N.J. at 549, 626 A.2d 425. The rationale for requiring proof of bad faith is that clients generally rely on their attorneys "to evaluate the basis in `law or equity' of a claim or defenses," and "a client who relies in good faith on the advice of counsel cannot be found to have known that his or her claim or defense was baseless." Id. at 557-58, 626 A.2d 425. Thus, a grant of a motion for summary judgment in favor of a defendant, without more, does not support a finding that the plaintiff filed or pursued the claim in bad faith. Id. at 563, 626 A.2d 425. "[T]he burden of proving that the non-prevailing party acted in bad faith" is on the party who seeks fees and costs pursuant to N.J.S.A. 2A:15-59.1. Id. at 559, 626 A.2d 425.
Although claims against parties governed by N.J.S.A. 2A:15-59.1, as interpreted by the Court in McKeown-Brand, are not affected by the substantive provisions of Rule 1:4-8 governing attorneys and pro se litigants, claims against parties pursuant to N.J.S.A. 2A:15-59.1 must be pursued, to the extent practicable, in accordance with the procedural requirements of that Rule. R. 1:4-8(f); Toll Bros., supra, 190 N.J. at 69-73, 918 A.2d 595.
One of the obligations of a party who intends to seek an award based on frivolous litigation is service of a written notice and demand that, among other things, sets forth "with specificity" the basis for his or her belief that the pleading is frivolous. See R. 1:4-8(b)(1)(i)-(ii). The notice must be sufficiently specific and detailed to provide an opportunity to "`withdraw the assertedly offending pleadings.'" Trocki Plastic Surgery Ctr. v. Bartkowski, 344 N.J.Super. 399, 406, 782 A.2d 447 (App. Div.2001) (quoting Pressler, Current N.J. Court Rules, comment on R. 1:4-8(b)(2002)), certif. denied, 171 N.J. 338, 793 A.2d 716 (2002).
The obligation to serve a specific notice and demand "further[s] the policies underlying the Frivolous Litigation Statute." Toll Bros., supra, 190 N.J. at 65, *479 918 A.2d 595. When frivolous claims or defenses are brought to the attention of the offending party, they can be "corrected promptly and litigation costs kept to a minimum, thereby preserving judicial, lawyers', and litigants' resources." Id. at 71, 918 A.2d 595. The risk of losing the opportunity to recover pursuant to N.J.S.A. 2A:15-59.1 provides incentive for compliance with the notice and demand procedures that further the purpose of the statute. Id. at 72, 918 A.2d 595.
In the context of a claim against a party who is represented, a proper notice and demandone that states with specificity the basis for the belief that the claim is frivolousserves the additional benefit of bringing the weakness of the claim to the attention of a client who is presumably acting on the advice of the attorney. In contrast, a notice and demand articulating an objection on one legal theory does not serve to alert the client or the attorney to other weaknesses. Consequently, a prevailing party's obligation to give proper notice as a condition of recovering an award of fees and costs is not fulfilled by a notice that alerts a party to the frivolous nature of a different claim. The purpose of the notice and demand is to inform, not distract and confuse.
The trial judges who addressed defendants' application for fees and costs pursuant to N.J.S.A. 2A:15-59.1 in the first instance and on remand either overlooked or misapplied the standards governing defendants' obligations under Rule 1:4-8 and under N.J.S.A. 2A:15-59.1 as interpreted by the Court in McKeown-Brand.
There is no question that it was "practicable" for defendants to serve a notice and demand. See Toll Bros., supra, 190 N.J. at 72-73, 918 A.2d 595. Defendants did serve a timely notice and demand and the information and circumstances relevant to the merits of the claim upon which defendants prevailed in the trial court did not change during the course of that proceeding. See ibid.
Although compliance was practicable, defendants' notice did not warn plaintiff about the frivolous nature of the complaint on which they prevailed. Defendants prevailed on the ground that plaintiff's complaint was premature and because the board's decision to postpone approval of plaintiff's proposal was a reasonable step taken in good faith. But defendants' notice and demand did not warn plaintiff that his allegation of arbitrary conduct and bad faith on the part of the board was frivolous. The only claim addressed in the notice and demand was the irrelevance of the FCC regulation upon which count three of plaintiff's complaint depended. Accordingly, defendants' failure to serve notice and demand relevant to the issue on which they prevailed in the trial court precluded an award of fees and costs against plaintiff.
Even if we were to ignore the inadequacy of defendants' notice and demand, we could not conclude that defendants established their entitlement to an award against plaintiff in accordance with N.J.S.A. 2A:15-59.1. Neither of the judges who considered defendants' proofs found that plaintiff filed or pursued any claim in bad faith rather than in good faith reliance upon his attorney's evaluation of the merits of the claims.
In point of fact, neither judge addressed the question of reliance and good faith. In the first instance, the trial court simply noted that plaintiff saw fit to continue its litigation after receipt of the notice and demand and that the "court's ruling essentially ratified defendants' position." On remand, the trial court expressly declined to consider plaintiff's view of the merits. *480 Relying on Masone, supra, 382 N.J.Super. at 192, 887 A.2d 1191, a case involving a claim for an award against an attorney retained by a client pursuant to Rule 1:4-8 and not a claim against the client pursuant to N.J.S.A. 2A:15-59.1b(2), the judge concluded plaintiff's subjective belief in the merits of his cause was "irrelevant," even though the judge also recognized that plaintiff was pursuing a matter "of great importance to him." It was error to award fees pursuant to N.J.S.A. 2A:15:59.1b(2) without considering whether defendants established that plaintiff commenced or continued this action in bad faith. McKeown-Brand, supra, 132 N.J. at 549, 563, 626 A.2d 425.
Our own review of the record, including the decisions of the judges who did not identify any action taken by plaintiff in bad faith, discloses nothing that would permit that finding. Plaintiff's actions were motivated by a goal of great importance to him and not indicative of any hostility or ill-will toward the boardhis goal was to provide television programming his mother-in-law would enjoy. All of his claims were dependent upon an evaluation of the board's conduct in light of its legal obligations, a matter upon which a client presumably relies on his attorney. Although this court ultimately concluded that none of those claims could withstand defendants' motion for summary judgment, under McKeown-Brand that is an insufficient ground for an award of fees and costs under the Frivolous Litigation Statute. 132 N.J. at 563, 626 A.2d 425. There is no other evidence of bad faith on plaintiff's part in pursuing his claims before the trial court in the first instance, and on remand plaintiff did not pursue the claims that were resolved in favor of defendants on appeal. See United Hearts, L.L.C. v. Zahabian, 407 N.J.Super. 379, 389-94, 971 A.2d 434 (App.Div. 2009) (discussing import of circumstances developing over the course of the proceeding). Consequently, defendants were not entitled to any award of fees and costs.
Our review of the record in light of the additional arguments presented by defendants on their cross-appeal leads us to conclude that the issues they raise lack sufficient merit to warrant any discussion in a written opinion. R. 2:11-3(e)(1)(E).
We add one final observation to avoid any future litigation about counsel fees in this case. Although defendants initially gave notice and demand signaling their intention to seek an award of fees and costs against plaintiff's attorney, they have not pursued that claim. Accordingly, defendants are deemed to have abandoned any claim they may have had against the lawyer who formerly represented plaintiff. Muto v. Kemper Reinsurance Co., 189 N.J.Super. 417, 420-21, 460 A.2d 199 (App. Div.1983).
The award of fees and costs is reversed, and the order entering judgment against plaintiff in the amount of $26,988.62 is vacated.
NOTES
[1] Improperly pleaded as Park Hill Condominium Association, Inc.
[2] The omitted paragraphs discuss provisions of the master deed.