NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1490-15T4
ESTATE OF PATRICIA
M. QUINN,

 Plaintiff-Respondent,

v.

MICHAEL F. QUINN,
(deceased),

 Defendant.

________________________________

 Submitted March 14, 2017 – Decided July 12, 2017

 Before Judges Reisner and Rothstadt.

 On appeal from the Superior Court of New
 Jersey, Chancery Division, Family Part,
 Union County, Docket No. FM-20-9858-69.

 Marita Quinn, appellant pro se.

 Post, Polak, Goodsell & Strauchler, P.A.,
 attorneys for respondent John N. Post, Esq.
 (John N. Post, of counsel and on the brief;
 Siobhan Beere, on the brief).

 Graham Curtin, attorneys for respondents
 Ceconi & Cheifetz, LLC and Sheryl J. Seiden,
 Esq. (Christopher J. Carey, of counsel;
 Theodore T. Reilly, on the brief).

PER CURIAM
 The dispute in this post-judgment matrimonial matter relates

to claims made by the estates of both parties who are now deceased.

Specifically, Marita Quinn, second wife and executrix of defendant

Michael Quinn's estate, appeals from Judge Lisa F. Chrystal's

October 23, 2015 order denying Marita's1 "informal request" for

Rule 1:4-8 sanctions against plaintiff's counsel. We now affirm,

substantially for the reasons expressed by Judge Chrystal in her

oral decision of the same date.

 In 2015, we issued an opinion reversing and remanding a

different judge's resolution of a dispute over Michael's life

insurance proceeds between Marita and plaintiff's testatrix, the

late Patricia Quinn. See Estate of Quinn v. Quinn, No. A-0855-13

(App. Div. April 22, 2015). In our opinion, we set forth the

history of the parties' relationship and the details of the dispute

over the insurance proceeds. We need not repeat those details

here. Suffice it to say, we remanded the matter to the Family

Part with specific instructions for the court to enter an order

directing the release of certain funds to Marita. Id. at 11-12.

 After we issued our opinion, Marita wrote to Judge Chrystal

asking her to impose Rule 1:4-8 sanctions upon plaintiff's counsel.

1
 Because the various parties share the same last name, we
refer to the parties by their first names to avoid confusion.

 2 A-1490-15T4
According to Marita, counsel engaged in fraudulent conduct over

the years with Patricia in an attempt to prevent Marita from

recovering her portion of Michael's life insurance proceeds.

 In response to our remand, Judge Chrystal entered an order

to show cause allowing the parties to raise any arguments they had

about distribution of the funds in accordance with our earlier

opinion. Marita's response to the order to show cause expanded

upon her assertions regarding her informal request for sanctions,

noting Patricia's counsels' alleged failure to comply with court

orders concerning disbursement of the life insurance proceeds or

to respond to Marita's letters requesting compliance.

 On the return date, the judge disbursed the funds as we

directed. As to Marita's request for sanctions, the judge noted

she considered the request even though it was made informally and

found there were "no facts nor legal arguments that support this

[c]ourt issuing any sanction against those attorneys." Judge

Chrystal stated "[t]here was not . . . one fact set forth in any

of the extensive legal arguments . . . that point to any

impropriety . . . by these attorneys in this case." The judge

concluded, "[u]nder these circumstances, the [c]ourt is

constrained to deny with prejudice any informal request by Marita

for sanctions or any other . . . fees or costs to be awarded

against the counsel in this case." This appeal followed.

 3 A-1490-15T4
 Generally, we review "[a] trial judge's decision to [not]

award attorney's fees pursuant to Rule 1:4-8," under an abuse of

discretion standard. McDaniel v. Lee, 419 N.J. Super. 482, 498

(App. Div. 2011); United Hearts, L.L.C. v. Zahabian, 407 N.J.

Super. 379, 390 (App. Div.), certif. denied, 200 N.J. 367 (2009).

"Reversal is warranted when 'the discretionary act was not premised

upon consideration of all relevant factors, was based upon

consideration of irrelevant or inappropriate factors, or amounts

to a clear error in judgment.'" Ferolito v. Park Hill Condo Ass'n,

408 N.J. Super. 401, 407 (App. Div.) (quoting Masone v. Levine,

382 N.J. Super. 181, 193 (App. Div. 2005)), certif. denied, 200

N.J. 502 (2009); see also Flagg v. Essex County Prosecutor, 171

N.J. 561, 571 (2002).

 We conclude from our review that Judge Chrystal properly

exercised her discretion and denied Marita's informal request for

Rule 1:4-8 sanctions. We find Marita's thirteen points of

argument, with numerous sub-parts, to be without sufficient merit

to warrant extensive discussion in a written opinion. R. 2:11-

3(e)(1)(E). We add only the following brief comments.

 Preliminarily, we note that Marita's frivolous litigation

claims under the Rule were beyond the scope of our remand that

addressed only the disbursement of the insurance proceeds.

Further, if Marita wanted to raise a claim under the Rule, she was

 4 A-1490-15T4
obligated to follow the detailed procedures set forth in Rule 1:4-

8 for a litigant to seek sanctions against an attorney for pursuing

a frivolous claim. See Toll Bros., Inc. v. Twp. of W. Windsor,

190 N.J. 61, 68-69 (2007). Among the specific requirements for

pursuing sanctions, a litigant must make a formal motion to the

court, "separate[] from other applications," supported by a

certification stating that written demand was made upon the

attorney to withdraw the pleading or other document that the

litigant believes was frivolous. R. 1:4-8(b)(1); see also United

Hearts, supra, 407 N.J. Super. at 389. Strict application of the

rule is required. LoBiondo v. Schwartz, 199 N.J. 62, 99 (2009).

 Moreover, Marita's allegations of fraud and the like did not

give rise to a cognizable claim for sanctions under the rule. The

nature of conduct warranting sanction under Rule 1:4-8 has been

strictly construed in order to avoid limiting access to the court

system. See First Atl. Fed. Credit Union v. Perez, 391 N.J. Super.

419, 432-33(2007). Even if they did and she had complied with the

Rule's procedural requirements, Judge Chrystal could not have

awarded Marita fees as sanctions because she pursued an award of

fees for periods while she appeared as a self-represented litigant.

"Th[e] rule simply compensates a party for the legal fees and

expenses it actually incurred and became obligated for as a direct

result of the adversary pursuing frivolous litigation," and not

 5 A-1490-15T4
for damages incurred as a result of appearing pro se. Alpert,

Goldberg, Butler, Norton & Weiss, P.C. v. Quinn, 410 N.J. Super.

510, 546 (App. Div. 2009), certif. denied, 203 N.J. 93 (2010).

In any event, Judge Chrystal determined there was no evidence that

supported Marita's allegations. We have no reason to disagree.

 Affirmed.

 6 A-1490-15T4