NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4422-15T1
CRANIO ASSOCIATES
a/s/o ADOLFO GARCIA,

 Plaintiff-Appellant,

v.

STATE FARM INDEMNITY
COMPANY,

 Defendant-Respondent.

________________________________________________________________

 Submitted June 6, 2017 – Decided July 14, 2017

 Before Judges Reisner and Rothstadt.

 On appeal from the Superior Court of New
 Jersey, Law Division, Bergen County, Docket
 No. L-2967-16.

 Julie Lefkowitz, attorney for appellant.

 Gregory P. Helfrich & Associates, attorneys
 for respondent (Joseph J. Trefurt, on the
 brief).

PER CURIAM

 Plaintiff, Cranio Associates, a medical provider, appeals

from the Law Division's June 3, 2016 order dismissing its complaint

for frivolous litigation sanctions, R. 1:4-8, against defendant,
State Farm Indemnity Company, in its capacity as the personal

injury protection (PIP) carrier for plaintiff's patient.

Plaintiff claimed it was underpaid by defendant for medical

treatment that plaintiff provided to defendant's insured and

therefore pursued a PIP arbitration for additional payments. The

dispute resolution professional (DRP) who considered the matter

determined that because the limits of the patient's PIP coverage

under defendant's policy had been exhausted, he could not consider

a claim for additional sums.

 According to plaintiff, it was entitled to sanctions because

defendant waited until the day before the scheduled arbitration

to advise plaintiff and the DRP that the limits of the insured's

PIP coverage had been exhausted. Plaintiff sought sanctions from

the DRP, who rejected the claim because he was without authority

to consider it, and then from the court, by filing its complaint

in the Law Division. Judge Charles E. Powers dismissed plaintiff's

complaint, finding no legal basis to award sanctions under Rule

1:4-8. On appeal, plaintiff asserts defendant's "knowing defense

of a PIP arbitration" while the "policy was exhausted" qualifies

as "a frivolous defense, for the purpose of harassment or delay,"

entitling plaintiff to recover sanctions under Rule 1:4-8.

Moreover, because defendant did not contest plaintiff's claim

other than by asserting the exhaustion of its policy's limits,

 2 A-4422-15T1
plaintiff was a successful claimant thereby entitled to an award

of fees and other relief. We disagree and affirm substantially

for the reasons expressed by Judge Powers in the comprehensive

rider attached to his June 3, 2016 order.

 Generally, we review "[a] trial judge's decision to [not]

award attorney's fees pursuant to Rule 1:4-8," under an abuse of

discretion standard. McDaniel v. Lee, 419 N.J. Super. 482, 498

(App. Div. 2011); see also United Hearts, L.L.C. v. Zahabian, 407

N.J. Super. 379, 390 (App. Div.), certif. denied, 200 N.J. 367

(2009). "Reversal is warranted when 'the discretionary act was

not premised upon consideration of all relevant factors, was based

upon consideration of irrelevant or inappropriate factors, or

amounts to a clear error in judgment.'" Ferolito v. Park Hill

Ass'n, 408 N.J. Super. 401, 407 (App. Div.) (quoting Masone v.

Levine, 382 N.J. Super. 181, 193 (App. Div. 2005)), certif. denied,

200 N.J. 502 (2009); see also Flagg v. Essex Cty. Prosecutor, 171

N.J. 561, 571 (2002).

 We conclude from our review that the judge properly exercised

his discretion and dismissed plaintiff's complaint. We find

plaintiff's arguments to the contrary to be without sufficient

merit to warrant discussion in a written opinion. R. 2:11-

3(e)(1)(E).

 Affirmed.

 3 A-4422-15T1