**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0855-22

STEVEN D'AGOSTINO,

     Plaintiff-Appellant,

and

VALERIE D'AGOSTINO,

     Plaintiff,

v.

DIRKES AUTO LLC,

     Defendant-Respondent,

and

CRAMER'S AUTO RECYCLING
and DOUBLE D'S AUTO LLC,

     Defendants.

_____

Argued January 13, 2025 – Decided September 29, 2025

Before Judges Gummer, Berdote Byrne and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. SC-000332-22.

Steven D'Agostino, appellant, argued the cause pro se.

John B. Kearney argued the cause for respondent (Kearney & Associates, PC, attorneys; John B. Kearney, on the brief).

The opinion of the court was delivered by

GUMMER, J.A.D.

In a case involving plaintiffs' attempt to sell a car their deceased mother had owned, plaintiff Steven D'Agostino appeals from orders dismissing the complaint, awarding counsel fees to defendant Dirkes Auto LLC, and denying his cross-motions for sanctions, reconsideration, enforcement of a purported settlement agreement, and leave to amend.[1]  Perceiving no error in the trial court's determination that plaintiffs lacked standing and legal authority to sell the car or file the lawsuit, we affirm.

---

[1] The complaint also identified Valerie D'Agostino as a plaintiff.  She did not participate in this appeal.  Accordingly, we refer to Steven D'Agostino as plaintiff or Steven.  We use plaintiffs' first names for ease of reading given their shared last name and mean no disrespect in doing so.  We refer to Steven and Valerie collectively as plaintiffs.  The complaint identifies Dirkes Used Auto Parts as a defendant.  According to defense counsel, the correct name for that entity is Dirkes Auto LLC (Dirkes).

A-0855-22

I.

On May 30, 2022, plaintiffs, who were self-represented, filed a complaint in the Special Civil Part, naming as defendants Dirkes, Cramer's Auto Recycling (Cramer's), and Double D's Auto LLC, entities purportedly involved in the scrap-metal or metal-recycling business.[2]  We derive these facts from the allegations plaintiffs made in the complaint.

Plaintiffs, who are siblings, alleged that, before their mother died, she had "signed the title" of a vehicle she owned, "leaving the transferee field blank, with the understanding that after her death, [plaintiffs] would sell the car and share the money from the sale."  According to plaintiffs, when they contacted Dirkes after their attempt to sell the car to Cramer's, someone at Dirkes agreed to pay $500 for the car and pick it up, and plaintiffs accepted the offer.  When no one from Dirkes appeared that day to collect the car, plaintiffs placed online classified ads to sell it.  They parked the car on the street in front of Valerie's property and placed in it a sign with Steven's phone number.

---

[2]  According to Steven, Double D's Auto LLC was never served with the complaint, and plaintiffs withdrew their claims against Cramer's after the court dismissed the case.  Consequently, Double D's Auto LLC did not participate in this litigation, and Cramer's did not participate in this appeal.

3

On May 11, 2022, Steven learned from police the car had been towed to Dirkes's junkyard as an abandoned vehicle. The next day, he called Dirkes, a Dirkes employee offered $400 for the car, and he accepted the offer. The employee told Steven he would have to provide the car's title to receive payment; Steven accepted that condition and agreed to provide the title within a few days. Ten minutes later, the employee called Steven and advised him he had spoken with his boss. Instead of paying $400 for the car, the boss was willing to apply $400 as a credit to the $530 Dirkes was charging for towing and storing the car.

Plaintiffs pleaded causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing as to Dirkes and Cramer's and asserted Dirkes had violated the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 to -229. Plaintiffs also pleaded a cause of action entitled "Unjust Enrichment," contending that if the court were to find "there was not a meeting of the minds" on the terms of the alleged contract, Dirkes should not be allowed to keep the car.

Dirkes moved to dismiss the complaint, contending plaintiffs did not own the car and, thus, did not have standing to bring the lawsuit. In a certification submitted in support of the motion, defense counsel cited plaintiffs' assertion in the complaint that their mother had signed the car's title but had left the

transferee line blank. Thus, ownership of the vehicle had not been transferred and remained in their deceased mother's name.

After the court adjourned oral argument of the motion at Steven's request and following a mediation session that took place on the original return date of the motion, Dirkes again moved to dismiss the complaint for lack of standing. Steven opposed the motion and cross-moved to sanction Dirkes's counsel for alleged conduct during the mediation session, to sanction both defendants' counsel for sending "bogus [Rule] 1:4-8 letters," and to enforce a verbal settlement agreement the parties allegedly had "initially agreed upon" during the mediation. Dirkes opposed the motion, denying the parties had settled the case during the mediation.

On September 23, 2022, the court placed a decision on the record and entered orders granting Dirkes's dismissal motion and denying the cross-motion. Regarding the cross-motion, the court found the Rule 1:4-8 letters were not "improper" but were "appropriate" under the circumstances and Steven had not established the existence of a settlement agreement. Regarding the motion to dismiss, the court found plaintiffs did not have standing to bring the lawsuit. The court explained:

> This whole notion that the decedent left title to her two children with the buyer's name empty, how do I know

the decedent doesn't have other children or others in interest or a husband? What's needed, what the [c]ourt looks to, and the [c]ourt's presented with these types of situations all [the] time, I need some authority for the [p]laintiffs, or if the reverse was true, if it was the [d]efendants, I need some authority. And the [p]laintiffs haven't shown it, that either of them is the executor or executrix, the administrator or the administratrix of the Estate of Carol D'Agostino. And without that they have no authority to act. Counsel's correct, it's an asset of the estate.

Dirkes moved for an order sanctioning plaintiffs for violating Rule 1:4-8. In support of the motion, Dirkes submitted its attorney's certification and a copy of an August 16, 2022 letter the attorney had sent to plaintiffs. In that letter, counsel stated the complaint constituted frivolous litigation under Rule 1:4-8 and N.J.S.A. 2A:15-59.1 because plaintiffs had "no standing to bring a claim based upon property that [they had] no ownership interest in." Counsel told plaintiffs Dirkes would move for an award of counsel fees and costs if they did not dismiss the complaint within twenty-eight days. In his certification, counsel noted plaintiffs had sued defendants, claiming "they had enforceable contracts with the defendants to sell those defendants an automobile" when "[t]he automobile in question was not owned by the plaintiffs and, as such, the plaintiffs had no right to sell that automobile."

6

Steven opposed the motion and cross-moved to vacate the September 23, 2022 dismissal order and for leave to "amend the complaint with the proper plaintiff, whom now has standing pursuant to the [c]ourt's rulings." He did not state who the proper plaintiff was or include a copy of a proposed amended complaint. Instead, he asked the court "to decide the most appropriate name(s) for the [p]laintiff(s) in this particular case." Steven asserted that after the court dismissed the case, he had undertaken "the necessary steps and expenses so that [he] could act as the administrator of [his] late mother's estate." To support that assertion, he submitted an "Affidavit of Heir in Lieu of Administration (Next of Kin)" he had executed on October 5, 2022, and submitted to the Atlantic County Surrogate Court. In that affidavit, he asserted he was "entitled to" his mother's car "without the Letters of Administration, in accordance with N.J.S.A. 3B:10-4."[3] He further contended the amount of sanctions sought was excessive and unfair. Dirkes opposed the cross-motion.

On October 21, 2022, the court placed a decision on the record and entered an order denying the cross-motion and an order granting the motion for sanctions and requiring plaintiffs to pay Dirkes a judgment of $4,860.49 in attorney's fees

---

[3] Steven also asserted in the affidavit he had "presented for filing" Valerie's consent, which is required under N.J.S.A. 3B:10-4, but he did not submit to the trial court or this court a copy of that consent document.

A-0855-22

and costs. The court found the complaint "was frivolous upon filing because it was commenced, used or continued in bad faith, solely for the purpose of harassment, delay or malicious injury." The court considered the cross-motion to vacate the dismissal order as a reconsideration motion and concluded its decision to dismiss the case on September 23 "wasn't wrong." The court explained: "Again, the key date is May 30th of the year when the complaint was filed. The [p]laintiff may have taken . . . some steps with respect to the Atlantic County Surrogate. That's all well and good. That comes too little too late as far as this action is concerned." The court denied leave to amend the complaint because "[t]he simple fact of the matter is there's no reason to amend a complaint that's already been dismissed . . . ."

After additional proceedings and submissions, Dirkes moved again for sanctions pursuant to Rule 1:4-8, seeking a total award of $11,020.49. Steven opposed the motion and cross-moved for reconsideration of the dismissal and sanction orders and for other relief. Dirkes opposed the cross-motion. On February 28, 2023, the court placed a decision on the record and entered an order denying the cross-motion and granting in part the sanctions motion, awarding an additional $4,040 in counsel fees.

This appeal followed.  In his amended notice of appeal, Steven specifically referenced orders dated September 23, 2022, October 21, 2022, and February 28, 2023.  In his appellate briefing, he did not address all aspects of those orders.  We deem waived and do not address issues that were not briefed.  See Green Knight Cap., LLC v. Calderon, 469 N.J. Super. 390, 396 (App. Div. 2021) (declining to reach an issue plaintiff had failed to raise or brief on appeal); N.J. Dep't of Env't Prot. v. Alloway Twp., 438 N.J. Super. 501, 505 n.2 (App. Div. 2015) (finding "[a]n issue that is not briefed is deemed waived upon appeal").

## II.

We review a trial court's ruling on a motion to dismiss de novo, giving "no deference . . . to the trial court's conclusions." AC Ocean Walk, LLC v. Am. Guar. & Liab. Ins. Co., 256 N.J. 294, 310 (2024).  "Although the review of the factual allegations of a complaint on a motion to dismiss is to be 'undertaken with a generous and hospitable approach,' '[a] pleading should be dismissed if it states no basis for relief and discovery would not provide one.'" Mueller v. Kean Univ., 474 N.J. Super. 272, 283 (2022) (alteration in original) (first quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989); and then quoting Rezem Fam. Assocs., LP v. Borough of Millstone, 423 N.J. Super.

A-0855-22

103, 113 (App. Div. 2011)); see also AC Ocean Walk LLC, 256 N.J. at 311 ("the essential facts supporting plaintiff's cause of action must be presented in order for the claim to survive" (quoting Scheidt v. DRS Techs., Inc., 424 N.J. Super. 188, 193 (App. Div. 2012))).

We review a trial judge's decision on a motion for frivolous-lawsuit sanctions under an abuse-of-discretion standard. Wolosky v. Fredon Twp., 472 N.J. Super. 315, 327 (App. Div. 2022). An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)). Reversal of a sanctions order is warranted when the trial court's decision "was not premised upon consideration of all relevant factors, was based upon consideration of irrelevant or inappropriate factors, or amount[ed] to a clear error in judgment." Ferolito v. Park Hill Ass'n, 408 N.J. Super. 401, 407 (App. Div. 2009) (quoting Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005)). We also review reconsideration orders and fee awards under an abuse-of-discretion standard. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021); Diamond Beach, LLC v. March Assocs., Inc., 457 N.J. Super. 265, 285 (App. Div. 2018).

A. The Dismissal of the Complaint

"To possess standing in state court, a party must have 'a sufficient stake in the outcome of the litigation' and 'real adverseness,' and there must be 'a substantial likelihood that the party will suffer harm in the event of an unfavorable decision.'" In re Establishment of Cong. Dists. by N.J. Redistricting Comm'n, 249 N.J. 561, 570 (2022) (quoting In re Camden Cnty., 170 N.J. 439, 449 (2002)). In short, standing "focuses on whether a party has a legal entitlement to seek relief from the court." EnviroFinance Grp., LLC v. Env't Barrier Co., 440 N.J. Super. 325, 339 (App. Div. 2015).

To enter a contract to sell property, the seller must own or otherwise have authority to enter the contract. See In re Est. of Yates, 368 N.J. Super. 226, 235-36, 237 (App. Div. 2004) (explaining the contract for the sale of property was valid when the seller "held legal title to the property when the contract was made"); see also Borromeo v. DiFlorio, 409 N.J. Super. 124, 140 (App. Div. 2009) (holding the sheriff had no authority to sell property when there was a substantive error in the writ of execution). Any action taken without legal authority is void ab initio. Grasso v. Borough of Spring Lake Heights, 375 N.J. Super. 41, 48 (App. Div. 2004). "An action that is void ab initio is void from the beginning." Heyert v. Taddese, 431 N.J. Super. 388, 429 (App. Div. 2013).

A seller has standing to enforce a contract for the sale of property if the party held legal title to the property at the time the contract was entered. See In re Est. of Yates, 368 N.J. Super. at 235-36, 237 (remanding for entry of a judgment for specific performance on the contract when the seller "held legal title to the property when the contract was made"); see also Ross v. Lowitz, 222 N.J. 494, 513-16 (2015) (holding the plaintiffs could not proceed with a claim against defendant insurers for breach of the implied covenant of good faith and fair dealing because they did not hold an assignment of rights from the named insured); B & D Assoc., Ltd. v. Twp. of Franklin, 32 N.J. Tax 81, 90 (N.J. Tax Ct. 2020) (holding an owner of real property has standing to challenge the property's tax assessment "while it holds title to the property").

Based on our de novo review of the allegations of the complaint, we reach the same conclusion the trial court reached: plaintiffs did not have legal authority to enter into a contract to sell the car and did not have standing to bring this lawsuit. Plaintiffs stated in the complaint their mother had signed the title but left the transferee field blank. Thus, before her death, their mother did not transfer title of the car to plaintiffs or anyone and the car remained an asset of her estate. Plaintiffs brought the lawsuit in their individual capacities, not as administrators, executives, or other representatives of the estate – a status they

A-0855-22

apparently did not have given Steven's post-complaint submission to the Surrogate Court.

Plaintiffs did not have an ownership interest in the car or any other legal authority to enter into a contract to sell it when they attempted to sell the car to Dirkes. In failing to plead facts demonstrating an ownership interest in the car or legal authority to enter into a contract to sell it, plaintiffs failed to plead "essential facts supporting [their] cause[s] of action," including the existence of a valid, legally-enforceable contract. Scheidt, 424 N.J. Super. at 193. And with no legal entitlement to seek relief from the court, plaintiffs had no standing to bring this lawsuit. EnviroFinance Grp., LLC, 440 N.J. Super. at 339. That Steven submitted to the Surrogate Court an affidavit of heir in lieu of administration after the dismissal of the case does not change the fact plaintiffs had no legal authority to enter into the purported contract with Dirkes or to file the lawsuit.

Steven contends he and his sister had standing to sue as third-party beneficiaries. But they did not plead any facts in the complaint that support that contention. To the contrary, they alleged they were direct parties, not third-party beneficiaries, to a contract they purportedly entered into with Dirkes. A third-party beneficiary is not one of "the parties who actually made the contract"

13

but someone not involved in the creation of the contract the contracting parties intended to benefit.  Pollack v. Quick Quality Rests., Inc., 452 N.J. Super. 174, 186 (App. Div. 2017) (quoting Broadway Maint. Corp. v. Rutgers, State Univ., 90 N.J. 253, 259 (1982)).

Plaintiffs also failed to allege facts necessary to support an unjust-enrichment claim.  The unjust-enrichment doctrine "requires that plaintiff show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights."  Thieme v. Aucoin-Thieme, 227 N.J. 269, 288 (2016) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 110 (2007)).  Plaintiffs did not allege they had conferred a benefit on defendant for which they expected remuneration.  They alleged they had left the car parked on the street for several days, and when it was reported as an abandoned vehicle, it was towed to Dirkes's junkyard.  Those facts do not support an unjust-enrichment claim.

For those reasons, we affirm the September 23, 2022 order granting Dirkes's motion to dismiss, the October 21, 2022 order denying the cross-motion to vacate the September 23, 2022 order and for leave to amend, and the February 28, 2023 order denying the cross-motion for reconsideration.

14

B.  The Award of Sanctions

"Sanctions for frivolous litigation against a party are governed by the frivolous litigation statute, N.J.S.A. 2A:15-59.1." Wolosky, 472 N.J. Super. at 327.  "On the one hand, 'the statute serves a punitive purpose, seeking to deter frivolous litigation.'" Toll Bros., Inc. v. Twp. of W. Windsor, 190 N.J. 61, 67 (2007) (quoting Deutch & Shur, P.C. v. Roth, 284 N.J. Super. 133, 141 (App. Div. 1995)).  "On the other hand, the statute serves a compensatory purpose, seeking to reimburse 'the party that has been victimized by the party bringing the frivolous litigation.'" Ibid. (quoting Deutch & Shur, 284 N.J. Super. at 141).

Pursuant to the statute, a court may "award reasonable counsel fees and litigation costs to a prevailing party in a civil action if the court determines 'that a complaint, counterclaim, cross-claim or defense of the nonprevailing person was frivolous.'" Ibid. (quoting N.J.S.A. 2A:15-59.1(a)(1)).  A complaint is

> frivolous if it was "commenced, used or continued in bad faith, solely for the purpose of harassment, delay or malicious injury," N.J.S.A. 2A:15–59.1(b)(1), or if "[t]he nonprevailing party knew, or should have known, that the complaint, counter-claim, crossclaim or defense was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law," N.J.S.A. 2A:15–59.1(b)(2).
>
> [Ibid.]

15

"Rule 1:4-8 prescribes the procedure for seeking sanctions against an attorney or pro se party who files a frivolous 'pleading, written motion, or other paper.'" Toll Bros., 190 N.J. at 69 (quoting R. 1:4-8(b)). "Strict compliance with each procedural requirement of Rule 1:4-8 is 'a prerequisite to recovery[,]' and failure to conform to the rule's procedural requirements will result in a denial of the request for an attorney's fees sanction." Bove v. AkPharma Inc., 460 N.J. Super. 123, 149 (App. Div. 2019) (quoting State v. Franklin Sav. Acct. No. 2067, 389 N.J. Super. 272, 281 (App. Div. 2006)). "[A] frivolous litigation motion must be filed 'no later than [twenty] days following the entry of final judgment.'" Ibid. (quoting R. 1:4-8(b)(2)). Additionally, a party seeking frivolous litigation sanctions must "file a separate motion [for the sanction] describing the specific conduct alleged to be a violation of the Rule." Ibid. (alteration in original) (quoting Toll Bros., 190 N.J. at 69). Furthermore, before filing the motion, the party seeking sanctions must serve a "safe harbor" notice "on the attorney or pro se party, which must include a request that the allegedly frivolous paper [or pleading] be withdrawn." Id. at 149-50 (quoting Toll Bros., 190 N.J. at 69).

If all procedural requirements are satisfied, "sanctions for frivolous litigation may include 'reasonable attorneys' fees and other expenses incurred as

16

a direct result of the violation, or both.'" Masone v. Levine, 382 N.J. Super. 181, 192 (App. Div. 2005) (quoting R. 1:4-8(d)(2)). In awarding attorney's fees, a judge must "determine the 'lodestar': the number of hours reasonably expended multiplied by a reasonable hourly rate." Rendine v. Pantzer, 141 N.J. 292, 334-35 (1995). Sanctions are "left to the trial court's discretion and will not be disturbed if [they are] just and reasonable in the circumstances." Lanzo v. Cyprus Amax Minerals Co., 467 N.J. Super. 476, 525-26 (App. Div. 2021) (quoting Bldg. Materials Corp. of Am. v. Allstate Ins. Co., 424 N.J. Super. 448, 472 (App. Div. 2012)).

Applying that law to the facts of this case, we perceive no legal error in the trial court's determination that plaintiffs' complaint and prosecution of the complaint constituted frivolous litigation and no abuse of discretion in its decision to award counsel fees to Dirkes or in the amounts awarded. Dirkes complied with the applicable procedural requirements in moving for sanctions, and the trial court considered the appropriate elements in determining whether and in what amount to award fees. We also perceive no error or abuse of discretion in the court's denial of Steven's cross-motion to impose sanctions on defense counsel. For these reasons, we affirm the October 21, 2022 and February 28, 2023 orders granting Dirkes's motions for sanctions, the September

A-0855-22

23, 2022 order denying the cross-motion to impose sanctions, and the February 28, 2023 order denying the cross-motion for reconsideration.

To the extent we have not otherwise commented on issues briefed by plaintiff, we have duly considered his arguments concerning those issues and conclude they lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division